IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLENE PROBASCO,

    Plaintiffs,                      No. CIV S-10-2716 KJM GGH

    vs.

IQ DATA INTERNATIONAL, et al.,

    Defendants                    ORDER

_____/

        Plaintiff has brought suit for violations of the federal and California Fair Debt Collection Practices Acts, title 15 U.S.C. § 1692, *et seq.* and Cal. Civ. Code § 1788, *et seq.*, respectively.  Defendant has filed a motion to dismiss eight of plaintiff's twelve claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  This court found the matter could be resolved without argument and ordered it submitted on the papers.

I. <u>Standards For A Motion To Dismiss</u>

        Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

1

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," (Fed. R. Civ. P. 8(a)(2)), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" (*Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quoted in *Twombly*, 550 U.S. at 555)), nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001). A court's consideration of documents attached to a complaint or incorporated by reference or as a matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003); *Parks School of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

II.  <u>Analysis</u>

Plaintiff alleges that defendant IQ purchased a debt she had incurred, and thereafter:

> 12.  IQ called the Plaintiff numerous times per day in an attempt to collect the Debt with the intent to harass.
>
> 13.  IQ threatened to falsely report on the Plaintiff's credit report, stating "you won't be able to get a house or a loan."
>
> 14.  The Plaintiff spoke to a representative from IQ named Jason Edwards.  The Plaintiff explained that she did not owe the Debt, and asked "we [Plaintiff] have thirty (30) days to dispute, right? Mr. Edwards then said, "no, we have authority to do what we want."

Complaint (Compl.) ¶¶ 12-14.  With these allegations as a backdrop, and incorporating them into her causes of action, plaintiff alleges violations of both the federal and the California (known as the Rosenthal) Fair Debt Collection Practices (collectively, the FDCPA).  Defendant alleges that even with the incorporation of these factual allegations into the causes of action, several of the claims are insufficient.

Ultimately, whether conduct violates the federal FDCPA is measured using an objective standard: "whether 'the least sophisticated debtor would likely be misled by a communication.'"  *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010); *Arteaga v. Asset Acceptance, LLC.*, 733 F.Supp.2d 1218, 1231 (E.D. Cal. 2010); *Morse v. Dun & Bradstreet, Inc.*, 87 F.Supp.2d 901, 903 (D. Minn. 2000).  *See also Brown v. Hosto & Buchan, PLLC*, 748 F.Supp.2d 847 (W.D. Tenn. 2010) (test is whether debt collection efforts would "have the natural consequence of harassing, oppressing, or abusing a debtor from an unsophisticated consumer's perspective").

/////
/////
/////
/////

1  This standard

2  (1) ensures the protection of all consumers, even the naive and
trusting, against deceptive debt collection practices, and (2)
3  protects debt collectors against liability for bizarre or idiosyncratic
interpretation of collection notices.
4

5  *Morse*, 87 F.Supp.2d at 903.  In evaluating the pending motion to dismiss, the court considers

6  plaintiff's factual allegations in light of this legal test.

7      A.  15 U.S.C. ¶ 1692d(2) & Cal. Civ. Code § 1788.11(a)

8      Title 15 U.S.C. § 1692d prohibits a debt collector from engaging in conduct "the

9  natural consequence of which is to harass, oppress, or abuse any person in connection with the

10  collection of a debt."  The code provides examples of harassing behavior, which include "[t]he

11  use of obscene or profane language or language the natural consequence of which is to abuse the

12  hearer or reader."  15 U.S.C. § 1692d(2).  *Clarke v. Weltman, Wienberg & Reis, Co., L.P.A*, 2010

13  WL 2803975, at *2 (S.D. Fla. 2010).  Similarly, California Civil Code § 1788.11(a) prohibits the

14  use of "obscene or profane language" in an attempt to collect a debt.

15      Plaintiff alleges that defendant "used profane and abusive language when

16  speaking to the consumer" in violation of the federal and state FDCPA.  Compl. ¶¶ 19, 29.

17  Defendant argues that this portion of the complaint must be dismissed because it is merely

18  conclusory, even considering the factual allegations quoted above, which have been incorporated

19  into the causes of action.  The court agrees.

20      Before a debt collector's language falls within the prohibition against harassment,

21  it must be "akin to profanity or obscenity," including "name-calling, racial or ethnic slurs, and

22  other derogatory remarks."  *Kelemen v. Professional Collection Systems*, 2011 WL 31396, at *3

23  (M.D. Fla.) (quoting *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1179 (11th Cir. 1985)).  Here,

24  plaintiff's summary allegations make it impossible to determine whether the language used was

25  "profane and abusive."  *Fenn v. CIR*, 2011 WL 850131, at *3 (E.D. Cal. 2011) (complaint

26  tracking only the statutory language failed to state a claim).  Plaintiff's claims under 15 U.S.C.

4

§ 1692d(2) and California Civil Code § 1788.11(a) are not sufficiently pled. *See* Cal. Civ. Code § 1788.17 (incorporating FDCPA).

B. <u>15 U.S.C. § 1692d(5), Cal. Civ. Code §§ 1788.11(d) & 1788.11(e)</u>

Under federal law, a debt collector may not cause a telephone to ring "repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5). Under state law, a debt collector may not attempt to collect a debt by "[c]ausing a telephone to ring repeatedly or continuously to annoy the person called" or "[c]ommunicating . . . with the debtor with such frequency as to be unreasonable and to constitute an harassment . . . ." California Civil Code § 1788.11(d) & (e). Plaintiff alleges that "the Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass . . . ." and communicated with the Plaintiff with such frequency as to be considered harassment. . . ." Compl. ¶¶ 20, 30 ("engaged the Plaintiff in continuous conversations. . . ), 31. Under both federal and state law, "[w]hether there is actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of calls." *Arteaga*, 733 F.Supp.2d at 1229; *Joseph v. J.J. MacIntyre Companies, L.L.C.*, 238 F.Supp.2d 1158, 1167 (N.D. Cal. 2002).

Defendant relies largely on *Krapf v. Nationwide Credit Inc*, 2010 WL 2025323 (C.D. Cal. 2010), and other cases that resolve motions for summary judgment, in support of its argument that the complaint fails to state a claim. In *Krapf*, the court denied the debt collector's motion for summary judgment when plaintiff estimated that the defendant called him four to eight times a day. *Id*. at *2. In *Tucker v. The CBE Group, Inc*., 710 F.Supp.2d 1301, 1305 (M.D. Fla. 2010), the court granted the debt collector's motion for summary judgment, finding that even though defendant had made numerous calls, the calls were made in an attempt to find plaintiff's daughter who was the debtor, and defendant never spoke with plaintiff. Finally, in *Saltzman v. I.C. System, Inc*., 2009 WL 3190359, at *7 (E.D. Mich. 2009), the court found the debt collector was entitled to summary judgment because the disparity between the number of

5

1 calls placed by defendant and the much lower number of successful conversations suggested
2 difficulty reaching plaintiff rather harassment.  In contrast, in *Brown v. Hosto & Buchan,* the
3 court denied a motion to dismiss a complaint alleging that the defendant called plaintiff
4 seventeen times in one month.  748 F. Supp.2d at 852-54.
5     In this case, plaintiff's claim that defendant called her numerous times per day
6 and engaged her in continuous conversations, though abbreviated, provides sufficient detail for
7 the court to determine that the claim is plausible on its face.

    C.  <u>15 U.S.C. ¶ 1692e(2)</u>

Under federal law, a debt collector may not use false or misleading means to collect a debt, which includes making a false representation about "the character, amount, or legal status of any debt. . . ."  15 U.S.C. § 1692e(2)(A).  In addition to the factual allegations noted above, the complaint alleges that "the defendants falsely represented that information about the Plaintiff's alleged failure to pay the debt would be referred to a credit reporting agency."  Compl. ¶ 32.

Plaintiff's complaint does not describe any false representation about the debt at all and alleges nothing the court could consider to be material.  *Compare Donahue*, 592 F.3d at 1033 (whether conduct violates the statutes depends upon whether the least sophisticated debtor would likely be mislead by a communication); *Sunga v. Rees Broome*, 2010 WL 1138319, at *3 (E.D. Va. 2010) (complaint alleged only that assessment of fees was false without describing why plaintiff believed the amount claimed was false, deceptive or misleading).

    D.  <u>15 U.S.C. § 1692e(8) & Cal. Civ. Code § 1788.13(f)</u>

Finally, federal law also prohibits "[c]ommunicating or threatening to communicate . . . credit information which is known . . . to be false, including the failure to communicate that a disputed debt is disputed."  15 U.S.C. § 1692e(8).  State law prohibits debt collectors from making a false statement that information will be reported to a credit agency.  Cal. Code Civ. Proc. § 1788.13(f).

Plaintiff suggests that she disputed the debt, but provides no factual detail to suggest that defendant intended to communicate any false information or omit the disputed nature of the debt from any kind of transmission. She also does not describe the alleged falsity of any communication, but merely alleges that defendants threatened to communicate "false credit information." *See* Compl. ¶ 22. Her allegations fail to provide a short and plain statement of her claim, as required by Rule 8. *Compare Osei v. Countrywide Home Loans*, 692 F.Supp.2d 1240, 1248 (E.D. Cal. 2010) (claimed violation of § 1692e(8) sufficiently pled when it identified the circumstances and events of the challenged conduct); *see Turner v. Lerner, Sampson & Rothfuss*, 2011 WL 834064, at *6 (N.D. Ohio 2011) (the court "does not have the duty to imagine or devise theories of recovery").

Plaintiff does allege that defendant "falsely represented that information about the Plaintiff's alleged failure to pay the debt would be referred to a credit reporting agency, in violation of Cal. Civ. Code § 1788.13(f)." Compl. ¶ 33. However, she also suggests that defendant "threatened to falsely report on the Plaintiff's credit report." *Id*. at 13. Because it is not clear whether the alleged falsity is a threat to report the non-payment or a threat to report false information about the debt, the court cannot tell whether this states a claim.

Accordingly, and good cause appearing, IT IS THEREFORE ORDERED that:

1. Defendant's motion to dismiss (ECF No. 6) is granted as to plaintiff's claims that defendant violated 15 U.S.C. §§ 1692d(2), 1692e(2), 1692e(8) and California Civil Code §§ 1788.11(a) and 1788.13(f); and

2. Plaintiff shall file a first amended complaint consistent with this order within twenty-one days of the date of this order.

DATED: May 9, 2011.

_____
UNITED STATES DISTRICT JUDGE